```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ADAM BALHETCHET,

                        Plaintiff,                              MEMORANDUM & ORDER
        - against -                                             19-CV-4475 (PKC) (SJB)

SU CASO MARKETING INC.,

                        Defendant.
-------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Adam Balhetchet brought this action on August 4, 2019, alleging that Defendant Su Caso Marketing Inc., without authorization, reproduced and published a copyrighted video clip owned and registered by Plaintiff (the "Video"), in violation of Section 501 of the Copyright Act (the "Act"), 17 U.S.C. § 501. An entry of default having been issued against Defendant, Plaintiff now moves for default judgment and an award of statutory damages, as well as costs, expenses, and attorney's fees. For the reasons set forth below, Plaintiff's motion is granted with respect to liability, and granted in part and denied in part as to damages, fees, and costs.

## BACKGROUND

Plaintiff is a New York-based professional videographer and the author of the Video (Complaint ("Compl."), Dkt. 1, ¶¶ 5, 8), which depicts a boyfriend beating his girlfriend outside a residential area (*see* Ex. A, Dkt. 1-1). Defendant is a domestic business corporation duly organized and existing under the laws of the State of New York with a place of business in Corona, New York. (Compl., Dkt. 1, ¶ 6.) Defendant allegedly operates the Instagram page with profile "@su_caso" and republished the Video without authorization from Plaintiff on May 23, 2018 at the URL: www.instagram.com/su_caso/. (*Id.* ¶¶ 6, 10–11; Ex. A, Dkt. 1-1.) Plaintiff further

1

alleges that he owns all rights in the Video and registered the Video with the U.S. Copyright Office under Copyright Registration Number PA 2-130-510. (Compl., Dkt. 1, ¶ 9.)

## PROCEDURAL HISTORY

Plaintiff filed the instant action on August 4, 2019. (*See generally id.*) Plaintiff also filed an Affidavit of Service confirming that two true and correct copies of the Summons, Complaint, and Civil Cover Sheet were served on Defendant on August 6, 2019. (Dkt. 6.) Defendant has failed to appear, plead, or otherwise respond to the Complaint. The applicable time limit for answering or otherwise responding to the Complaint has expired, and the Clerk's Certificate of Default was entered on October 16, 2019. (Dkt. 10.) Plaintiff filed a motion for default judgment on January 16, 2020. (Dkt. 11.) Defendant has failed to respond to Plaintiff's motion for default judgment.

## STANDARD OF REVIEW

The procedure for entry of a default judgment is governed by Federal Rule of Civil Procedure 55(a), which provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, courts in this Circuit have outlined a two-step process: "first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). The entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id.*; *see also Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (noting that default judgments "track[] the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party");

2

*United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." (internal quotation and citations omitted)). Second, the entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)."[1] *Mickalis Pawn Shop*, 645 F.3d at 128.

"[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. N.Y. State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A district court deciding a motion for default judgment "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted). However, "a district court need not agree that the alleged facts constitute a valid cause of action," *Mickalis Pawn Shop*, 645 F.3d at 128 (internal quotation and citation omitted), and the court therefore must "determine whether [a plaintiff's] allegations establish [a defendant's] liability as a matter of law," *Finkel*, 577 F.3d at 84.

## DISCUSSION

### I. Liability

Plaintiff brings this action against Defendant to enforce his rights under §§ 106 and 501 of the Act, 17 U.S.C. §§ 106, 501. (Compl., Dkt. 1, ¶ 14.) The relevant subsections of the Act vest the owner of a copyright with

---

[1] Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).

3

>the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . .

17 U.S.C. §§ 106(1)–(3). Thus, the Act is a "strict liability regime" that "makes parties who infringe on [the copyright holder's] rights liable for damages, regardless of whether they had knowledge that the content was infringing." *BWP Media USA Inc. v. Polyvore, Inc.*, 922 F.3d 42, 47 (2d Cir. 2019) (Walker, J., concurring in the result) (citing 17 U.S.C. § 504). In order to establish infringement of a copyright under the Act, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Id.* at 61 (Newman, J., concurring in the result) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

With regard to the first step, ownership of a valid copyright "can be established by the introduction into evidence of a Copyright Office certificate of registration." *Sheldon v. Plot Commerce*, No. 15-CV-5885 (CBA) (CLP), 2016 WL 5107072, at *11–12 (E.D.N.Y. Aug. 26, 2016) (internal quotation omitted), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016). Here, Plaintiff has alleged ownership and registration of a valid copyright, but has not submitted a copy of the Certificate of Registration from the Copyright Office for the Video. (Compl., Dkt. 1, ¶ 14.) The Court nevertheless accepts his allegation as true. *See Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 1061259, at *3 (E.D.N.Y. Feb. 13, 2019) ("Notwithstanding Plaintiff's failure to submit registration certificates or other evidence of registration, the Court accepts this allegation as true for purposes of its liability analysis." (collecting cases)), *report and recommendation adopted*, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019); *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013) (finding that, in order to establish ownership and registration of a copyright at the

4

pleading stage, a plaintiff "need only allege . . . that plaintiff owns the copyrights in those works and that the copyrights have been registered in accordance with the statute" (alterations in original) (internal quotation and citation omitted)); *see also Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 253 (E.D.N.Y. 2010) ("[A] party's default is almost universally deemed an admission of the plaintiff's well-pleaded allegations of fact pertaining to liability.").

In order to establish the second element, Plaintiff must meet a "minimal" burden to show that the Video is his original work and allege a violation of his exclusive rights under § 106. *Sheldon*, 2016 WL 5107072, at *11. "The requirements for originality are 'modest.'" *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 896 (S.D.N.Y. 2016) (quoting *Weissmann v. Freeman*, 868 F.2d 1313, 1321 (2d Cir. 1989)). As used in copyright cases, original "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publ'ns*, 499 U.S. at 345. The Court finds that Plaintiff has established the second element of copyright infringement through the allegations in the Complaint, and that the originality of the Video can be inferred from Plaintiff's claim to be the author of the Video. *See E. Am. Trio Prods. Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000); *see also Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721 (MKB) (SJB), 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019) ("[O]riginality simply means a work independently created by its author, one not copied from pre-existing works, and a work that comes from the exercise of the creative powers of the author's mind." (internal quotation and citation omitted)), *report and recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019). Plaintiff also has adequately alleged that Defendant published the Video on its Instagram page, despite the fact that "Defendant is not, and has never

5

been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Video." (Compl., Dkt. 1, ¶ 13.)

Accordingly, the Court finds that Plaintiff has sufficiently established Defendant's liability under § 106 of the Act.

## II. Damages

Because Plaintiff has established Defendant's liability under the Act, Plaintiff is entitled to damages. However, on a motion for default judgment, the Court will not accept as true Plaintiff's factual allegations related to damages. *See J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505 (NGG) (PK), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Rather, "[t]he [C]ourt must be satisfied that Plaintiff has met the burden of proving damages to the [C]ourt with 'reasonable certainty.'" *Id.* (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "Although requests for damages are usually established by the plaintiff in an evidentiary hearing, the court can make such a determination without a hearing when supported by sufficiently detailed affidavits and documentary evidence." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

Once liability for infringement has been established under the Act, a plaintiff can elect to pursue either actual or statutory damages. *See Renna*, 2019 WL 1061259, at *4 (citing *Twin Peaks Prods., Inc. v. Publ'ns Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993)). Here, Plaintiff has elected statutory damages,[2] and so the Court need not address actual damages. (Declaration of Richard Liebowitz ("Liebowitz Decl."), Dkt. 12, ¶ 15.)

---

[2] While the Complaint requests either actual or statutory damages (Compl., Dkt. 1, at ECF 4 (citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination)), Plaintiff's subsequent filings elect statutory damages

6

### A. Statutory Damages

Section 504(c)(1) of the Act provides in relevant part that "the copyright owner may elect . . . to recover . . . an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If a court finds that infringement is willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). The Act affords the trial court "wide discretion" in setting the amount of statutory damages. *Malibu Media, LLC v. Greenwood*, No. 17-CV-1099 (PAE) (SLC), 2019 WL 7580083, at *3 (S.D.N.Y. Dec. 17, 2019) (citation omitted), *report and recommendation adopted*, 2020 WL 209140 (S.D.N.Y. Jan. 14, 2020). Courts in this Circuit are guided by the following factors in determining the appropriate measure of statutory damages for copyright infringement:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010); *accord Malibu Media, LLC v. Baker*, No. 18-CV-3263 (JGK) (BCM), 2020 WL 3978302, at *6 (S.D.N.Y. June 18, 2020), *report and recommendation adopted*, 2020 WL 3972736 (S.D.N.Y. July 13, 2020); *Noble v. Crazetees.com*, No. 13-CV-5086 (PAE) (HBP), 2015 WL 5697780, at *6 (S.D.N.Y. Sept. 28, 2015).

Here, Plaintiff seeks a statutory damages award of $30,000. (Liebowitz Decl., Dkt. 12, ¶ 11.) With regard to the first factor, "[c]opyright infringement is deemed willful by virtue of a

---

(*see* Notice of Motion, Dkt. 11; Liebowitz Decl., Dkt. 12, ¶¶ 11, 15; Statement of Damages, Dkt. 13, ¶ 6).

7

defendant's default." *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015); *accord Seelie v. Original Media Grp. LLC*, No. 19-CV-5643 (BMC), 2020 WL 136659, at *4 (E.D.N.Y. Jan. 13, 2020). As for the remaining factors, Plaintiff only addresses the fourth factor and states that he "seeks statutory damages as a deterrent to willful infringers." (Liebowitz Decl., Dkt. 12, ¶ 15.) While a larger statutory damages award would likely serve as a greater deterrent to potential infringers, Plaintiff's counsel, Richard Liebowitz, has an extensive record in this Circuit of requesting the maximum amount of statutory damages without sufficiently developing the record in order to establish a basis for the requested amount. *See, e.g.*, *Bass v. Diversity Inc. Media*, No. 19-CV-2261 (AJN), 2020 WL 2765093, at *4 (S.D.N.Y. May 28, 2020); *Seelie*, 2020 WL 136659, at *3–4; *Jerstad v. N.Y. Vintners LLC*, No. 18-CV-10470 (JGK) (OTW), 2019 WL 6769431, at *2–3 (S.D.N.Y. Dec. 12, 2019), *report and recommendation adopted*, 2020 WL 58237 (S.D.N.Y. Jan. 6, 2020); *Mantel v. Smash.com Inc.*, No. 19-CV-6113 (FPG), 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019).

Plaintiff notes that he is not required to produce evidence detailing actual losses or licensing fee history in order to recover statutory damages. (Liebowitz Decl., Dkt. 12, ¶¶ 13–14.) While Plaintiff is correct, such evidence allows a court to determine a fair award that would adequately compensate the copyright holder while also deterring potential infringers. *See Erickson Prods., Inc. v. Only Websites, Inc.*, No. 12-CV-1693 (PGG) (KNF), 2016 WL 1337277, at *3 (S.D.N.Y. Mar. 31, 2016) (noting that courts in this Circuit have held that damage awards amounting to three times the plaintiff's licensing fee are adequate deterrence). Here, without evidence of the actual licensing fee that Plaintiff would have received for the Video, the Court infers that any revenue lost by Plaintiff is *de minimis*. *See Bass*, 2020 WL 2765093, at *4.

Accordingly, the Court finds that a statutory damages award of $1,000 is reasonable given the nature of the infringement alleged and the lack of a baseline amount of Plaintiff's licensing fee or any loss of profits. An award of this amount is consistent with this Court's prior award of statutory damages under the Act in a similar case where the same Plaintiff's counsel alleged a single instance of infringement in a default action but did not submit evidence of actual harm. *See Dermansky v. Tel. Media, LLC*, No. 19-CV-1149 (PKC) (PK), 2020 WL 1233943, at *6 (E.D.N.Y. Mar. 13, 2020) (awarding $1,000 in statutory damages for the unauthorized use of a single photograph where the infringement was willful but there was no evidence of actual harm).

### B. Attorney's Fees and Costs

With regard to the recovery of costs, the Act provides that

> [i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The applicable Federal Rule of Civil Procedure similarly provides that prevailing parties are entitled to recover their costs, other than attorney's fees, in the absence of a specific statute. *See* Fed. R. Civ. P. 54(d)(1). In a copyright action, the Court's discretion to award costs is governed by § 505 of the Act rather than the more general cost-shifting provision. *See Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 404−05 (S.D.N.Y. 2004). An award under § 505 "is not automatic, but rather 'lies within the sole and rather broad discretion of the court.'" *Sheldon*, 2016 WL 5107072, at *18 (alteration omitted) (quoting *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006)). In exercising their discretion, "courts look to a non-exhaustive list of factors including frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to

9

advance considerations of compensation and deterrence." *Reilly v. Com.*, No. 15-CV-5118 (PAE) (BCM), 2016 WL 6837895, at *12 (internal quotation and citations omitted).

Plaintiff has requested $1,912.50 in attorney's fees under § 505 at an hourly rate of $425. (Liebowitz Decl., Dkt. 12, ¶¶ 17–19.) The Court finds that $425 is an unreasonable hourly rate. *See Dermansky*, 2020 WL 1233943, at *7 (finding that $425 per hour was an unreasonable rate for Richard Liebowitz in a similar default judgment action). Instead, the Court exercises its discretion and awards attorney's fees at an hourly rate of $350. *See id.* at *7–8. Plaintiff's counsel has submitted documentation that he worked on this case for four-and-one-half hours, and the Court reduces this estimate by half in light of the substantial similarity of this case to other cases filed by Plaintiff's counsel before this Court and in this Circuit. *See, e.g.*, Order Dismissing Case, *Zlozower v. Metal Injection LLC*, No. 20-CV-1349 (PKC) (RLM) (E.D.N.Y. Aug. 6, 2020); *Dermansky*, 2020 WL 1233943, at *7–8. Accordingly, the Court awards a total of $787.50 in attorney's fees. Plaintiff's counsel is again warned that, should he continue to mislead the Court by cherry-picking cases that support his requested statutory damages awards in the future, while failing to cite the numerous others denying that request and awarding much lower statutory damages awards, the Court will consider whether sanctions are appropriate pursuant to Federal Rule of Civil Procedure 11. *See Dermansky*, 2020 WL 1233943, at *8.

Plaintiff has also asked for costs in the amount of $440, which includes the $400 court filing fee and the $40 fee for service of process. (Decl. Liebowitz, Dkt. 12, at 6.) "Attorneys' fees may include reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Reilly*, 2016 WL 6837895, at *13 (internal quotation and citation omitted). This request is granted.

10

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted as to liability, and granted in part and denied in part as to damages, fees, and costs. The Court awards Plaintiff $2,227.50 as follows: $1,000 in statutory damages under the Copyright Act; $787.50 in attorney's fees; and $440 in costs. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 14, 2020
       Brooklyn, New York